ALEXANDER McMILLAN AND HERMAN MAY V. ALEXANDER McCORMICK.

*Encroachment on highway—Dedication.*

The conduct of an abutting owner in consenting to a survey to fix the line of the highway; his promise to remove his fences as encroaching thereon; their subsequent removal by the highway commissioners after notice to him, and his admission that their claim was right, were *held* admissible in evidence in an action against the commissioners for removing the fence, as showing a dedication not by parol but by present unequivocal acts.

Error to St. Clair. Submitted April 12. Decided April 16.

TRESPASS. Defendants bring error.

*Atkinson & Stevenson* for plaintiffs in error. A dedication of land for a highway may be shown by parol, and it is only necessary to show that the owner has done such acts as unequivocally disclose his intention to dedicate it, and acceptance by the public, *Connehan v. Ford*, 9 Wis., 240; *Noyes v. Ward*, 19 Conn., 250; *State v. Wilson*, 42 Me., 9; *Hobbs v. Lowell*, 19 Pick., 405; *State v. Atherton*, 16 N. H., 203; *People v. Jones*, 6 Mich.,

176; *Lee v. Lake*, 14 Mich., 12; *Detroit v. D. & M. R. R. Co.*, 23 Mich., 173; *Buchanan v. Curtis*, 25 Wis., 99; *People v. Beaubien*, 2 Doug. (Mich.), 256; *Rees v. Chicago*, 38 Ill., 337; *Fisher v. Beard*, 32 Iowa, 346; *San Francisco v. Calderwood*, 31 Cal., 589; *Wilder v. St. Paul*, 12 Minn., 200; *Hutto v. Tindall*, 6 Rich. (S. C.), 402; a valid dedication may be made by a single act, Wait's Actions & Defenses, 712–6; Washb. Easements, 138.

*Mitchell & Avery*, for defendant in error.

CAMPBELL, C. J. McCormick sued McMillan and May for removing his fence. They justified as highway commissioners acting after due notice in removing fences which encroached upon a highway.

The court below took the case from the jury and directed a verdict for the defendant, after excluding a considerable amount of testimony supposed to bear on dedication, which he held could not be shown by parol.

In this case, from testimony given and offered, there were facts which tended to show that in November, 1871, a survey was made with the consent and concurrence of McCormick to fix the line of the highway now set up and since existing, and that he promised to remove his fences; that in the spring of 1872, after notice, defendants removed them, and that he admitted on at least one occasion that the commissioners were in the right in their claim.

Upon such a record it is not important to determine the effect of a parol proposal to dedicate. This was, if made out as offered, not a dedication by parol, but one by present conduct of the most unequivocal character, involving the concurrent action of the land owner and the highway authorities, in determining the lines by a survey made for the express purpose. It was not a promise of something to be done in future, but a present and complete execution of the intent of both parties in fixing the position of the way. Such a settlement of

boundaries is an efficacious act of a much more significant character than most dedications not within the technical forms of the statute. It never was recalled before the fence was moved, and it has since been recognized.

The testimony should have been received, and if made out should have been held a full defense under the notice with the general issue.

The judgment must be reversed and a new trial granted.

The other Justices concurred.